UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. WINFIELD,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>  Defendant. | Case No. 1:25-cv-01662-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF Nos. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Michael J. Winfield is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No.1) On November 26, 2025, Plaintiff filed an application to proceed *in forma pauperis* (IFP) (ECF No. 2). Plaintiff filed his Inmate Statement Report on December 1, 2025. (ECF No. 6).

Because Plaintiff can afford to pay the filing fee for this action and still afford the necessities of life, the Court recommends Plaintiff's IFP application be denied.

**I.     BACKGROUND**

On November 26, 2025, along with his Complaint, Plaintiff filed an application to proceed IFP. (ECF No. 2). The application requires Plaintiff to answer questions under penalty of perjury. Once question asks, "do you have a checking or savings account?" (*Id.,* p .2) Plaintiff claimed that he has such an account and has $1,000 in that account. (*Id.*). Plaintiff also indicated that he

1

had not received any money in the past 12 months from any source, and had no other assets. (*Id.*)

Moreover, Plaintiff filed his Inmate Statement Report on December 1, 2025. (ECF No. 6). According to that statement, Plaintiff's inmate account balance as of December 1, 2025 was $3,383.38. (ECF No. 6, at p. 2). The report also lists a previous account balance of $25,893.22 on June 1, 2025 (*Id.*). Between June 1, 2025, and July 1, 2025, Plaintiff's inmate account had various withdrawals, including a withdrawal of $20,000 on July 1, 2025.

## II.    LEGAL STANDARDS

Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Lastly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue."

## III.   ANALYSIS

The Court recommends that Plaintiff's IFP application be denied because information disclosed on the application, when taken in connection with Plaintiff's Prisoner inmate account statement, indicates that Plaintiff's allegation of poverty is untrue, and Plaintiff can afford to pay the $405 fee required to file this action.

As of December 1, 2025, Plaintiff's balance in his inmate account was $3,383.38, which is more than sufficient to pay the filing fee and still afford the necessities of life. Moreover, Plaintiff's inmate account had a balance of $25,892.22 on June 1, 2025, and several withdrawals since that time. (*See* ECF No. 6).

Because Plaintiff's disclosures reveal that he can pay the $405 filing fee and still afford the necessities of life, the Court will recommend that his IFP application be denied.

### IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a District Judge to this case.

And for the reasons given above, IT IS RECOMMENDED as follows:

1. Plaintiff's IFP application (ECF No. 2) be DENIED.
2. Plaintiff be ordered to pay the $405 filing fee for this action.
3. Plaintiff be advised that failure to timely pay the filing fee will result in the dismissal of this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 1, 2025**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE