UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. WINFIELD, | Case No. 1:25-cv-01662-JLT-EPG (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER |
| DR. SAM SLUBTL, *et al.*, | |
| Defendants. | (ECF Nos. 10, 12) |

Plaintiff Michael J. Winfield is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed his signed complaint commencing this action on January 28, 2026. (ECF No. 10). Plaintiff alleges that medical professional Defendants were deliberately indifferent to his medical needs when they allowed an unnecessary and defective pacemaker to be placed in his heart. (*Id.* at 3).

On March 30, 2026, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 12). The Court gave Plaintiff thirty days to file a first amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 8). And the Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 9).

\\\

1

The deadline to respond to the screening order has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons given below, the Court will recommend that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs are to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\

\\\

2

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT[1]

Plaintiff is an inmate currently housed at Corcoran State Prison ("CSP") in Corcoran, California. Plaintiff names as defendants Dr. Sam Slubtl, a cardiac physician with the California Department of Rehabilitation and Corrections ("CDCR"), Dr. Sarabjit Singh, a CDCR cardiac physician, Dr. Anad Mehta, primary care physician as CSP, Britney Brizendine, CDCR Health Care Director, and Geoff Martha, Chief Executive Officer ("CEO") for Medtronic, Inc. in Minneapolis, Minnesota (ECF No. 10 at 2, 4).[2] Plaintiff asserts claims for cruel and unusual punishment and for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (*Id.* at 3-4).

Plaintiff alleges that Dr. Slubtl placed a pacemaker in his heart that was defective, failed, and had to be removed. (*Id.* at 3). Dr. Mehta, as Plaintiff's primary care physician, was aware of the defective heart device and ensuing health problems and "did nothing to ameliorate [his] suffering." (*Id.*). Plaintiff was sent to outside physician, Dr. Singh, who subsequently removed the pacemaker but left parts in after it burst inside Plaintiff's chest. (*Id.*). "Dr. Singh reported that there was no need for the pacemaker in the first place and should not have been installed." (*Id.*) As a result, Plaintiff suffers ongoing health problems. (*Id.*).

Plaintiff has requested a transfer to a high level medical care facility while he is incarcerated, but this request was denied after administrative appeal. (*Id.*). "Director of Correctional Health Care Services, Director Brizendine, should have been aware of the placement of the pacemaker as defective." (*Id.* at 3-4). "Medtronic, Inc. CEO Geoff Martha, the

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] In his initial unsigned complaint, which was stricken by the Court, Plaintiff named as defendants CDCR Director, CDCR Medical Department, John Doe "Other/Business" that produced the defective pacemaker. (ECF No. 1 at 1-2). In his signed complaint, Plaintiff did not rename CDCR or John Doe. (ECF No. 10). However, the Court notes that CDCR is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that the Eleventh Amendment bars § 1983 suits against a State unless the state has waived its sovereign immunity); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*) (holding that the prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity).

manufacturer of the device, has an obligation to provide defect information to physicians as to…its devices." (*Id.* at 4).

Plaintiff seeks $1,000,000 in compensatory and punitive damages against each defendant. (*Id.*).

### III.   ANALYSIS OF PLAINTIFF'S CLAIMS

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal

connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B.  Deliberate Indifference to Serious Medical Needs

Plaintiff claims Defendants were deliberately indifferent to his serious medical needs by placing and removing a defective and unnecessary pacemaker and for failing to ease his pain resulting from the pacemaker. (ECF No. 10 at 3).

"Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted).

A mere difference in medical opinion is "insufficient, as a matter of law, to establish deliberate indifference.'" *Toguchi,* 391 F.3d at 1058. Additionally, "a complaint that a

physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) ("mere indifference, negligence, or medical malpractice" is insufficient, and "[e]ven gross negligence is insufficient to establish deliberate indifference to serious medical needs") (citations and internal quotation marks omitted).

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs under these standards.

While Plaintiff titled his claim "deliberate indifference," he does not allege facts that would show that any defendant was deliberately indifferent to his condition. Instead, his claims center around medical negligence and product liability for the defective pacemaker. Plaintiff does not allege that any physician knew the pacemaker was defective before surgery and still placed it in Plaintiff's heart. While Plaintiff alleges that Dr. Singh subsequently removed the pacemaker and disagreed with Dr. Slubtl about the need for the device, this difference in medical opinion is "insufficient, as a matter of law, to establish deliberate indifference." *Toguchi,* 391 F.3d at 1058. Plaintiff alleges that his primary care physician, Dr. Mehta, knew about the defective heart device after placement and ensuing health problems and did not "ameliorate his suffering." But Plaintiff does not allege that Dr. Mehta was responsible for his cardiac care or was qualified to engage in cardiac surgery to remove the pacemaker. Plaintiff also alleges that Dr. Mehta sent him to an outside physician to remove the device.

Finally, Plaintiff alleges that the "Chief Medical Executive or equivalent institutional medical leadership typically reviews and approves medical procedures. That would be Britney Brizendine – Director of Correctional Health Care Services. Director Brizendine should have been aware of the placement as defective." (ECF No. 10 at 3-4). Plaintiff does not allege that Brizendine reviewed his medical procedure or knew that the pacemaker was defective and still approved the procedure. Thus, Plaintiff fails to state a claim of deliberate indifference by Director Brizendine.

Plaintiff also fails to allege that Martha knew the pacemaker was defective or that the device would be placed in Plaintiff's heart. Plaintiff does not allege that Martha failed to prevent the procedure, knowing it would cause harm.

Accordingly, Plaintiff fails to state a claim against any defendant for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

### C. Color of State Law

Plaintiff's claim against Geoff Martha, CEO of Medtronic Inc., is also subject to dismissal because Plaintiff does not allege that Martha acted under color of state law.

To state a claim under section 1983, Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States "by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court has explained that "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)). To determine whether actions that allegedly caused the deprivation of a right are fairly attributable to the state even though they were committed by private actors, the Ninth Circuit follows a two-part approach: "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* Courts start the analysis with the presumption that conduct by private actors is not state action. *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir.1999). Plaintiff bears the burden of establishing that defendants were state actors. *Florer*, 639 F.3d at 922 (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156 (1978)).

A private doctor may act under color of state law when they provide medical services to a prisoner pursuant to a contract with the state or county. *Id.* at 54–55 (a private physician acted

under color of state law when he provided medical services to a state prisoner pursuant to a professional contract with the state).

Here, Plaintiff does not allege that Martha is a state actor or that he was acting under color of state law. Martha is not an employee of CDCR or any other state agency. Plaintiff does not allege that Martha, individually, or Medtronic had a contract with CDCR to provide services to inmates.

Accordingly, Plaintiff fails to state a claim against Defendant Geoff Martha, CEO of Medtronic Inc.

## IV.   FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order. (ECF No. 12).

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. (ECF No. 12). This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay

inherently increases the risk that witnesses' memories will fade, and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. Given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, as noted above, Plaintiff has failed to state a claim or respond to the Court's screening order despite being given the relevant legal standards and the opportunity to file an amended complaint. Thus, the lack of any viable claim supports a dismissal with prejudice rather than a lesser sanction. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal with prejudice is appropriate.

V.      **CONCLUSION AND RECOMMENDATIONS**

Accordingly, IT IS RECOMMENDED as follows:

1.      This action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

2.      The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no

more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2026**          /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE