UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. WINFIELD,<br><br>Plaintiff,<br><br>v.<br><br>DR. SAM SLUBTL, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01662-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Michael J. Winfield is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed his signed complaint commencing this action on January 28, 2026 (ECF No. 10), alleging that medical professional Defendants were deliberately indifferent to his medical needs when they allowed an unnecessary and defective pacemaker to be placed in his heart. (*Id.* at 3).

On March 30, 2026, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 12). The Court gave Plaintiff thirty days to file a first amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 8). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 9).

\\\

1

The deadline to respond to the screening order expired, but Plaintiff had not filed an amended complaint or otherwise responded to the Court's order. Accordingly, the Court issued findings and recommendations that the case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order. (ECF No. 14).

On May 28, 2026, Plaintiff filed his Objections to Magistrate Judge's Findings and Recommendations that the case be dismissed (ECF No. 16), asserting that he attempted to timely mail his amended complaint, but it was returned because he did not include "confidential" on the envelope for legal mail and then returned a second time with the inmate trust account slip noted as illegible. (*Id.* at 1-2). At the same time, Plaintiff filed his First Amended Complaint. (ECF No. 15). Consequently, the Court vacated its findings and recommendations to dismiss the case. (ECF No. 17).

In his First Amended Complaint, Plaintiff reasserts the same allegations of deliberate indifference to serious medical needs alleged in his initial complaint. (ECF No. 15).

The Court has screened Plaintiff's First Amended Complaint and finds that it fails to state any cognizable claims. For the reasons that follow, the Court recommends that this case be dismissed with prejudice. Plaintiff has thirty days from the date of this order to file objections to these findings and recommendations.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs are to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT[1]

Plaintiff is an inmate currently housed at Corcoran State Prison ("CSP") in Corcoran, California. Plaintiff names as defendants Dr. Sam Slubtl and Dr. Sarabjit Singh, cardiac physicians with Kern Cardiology Medical Group; Dr. Anand Mehta, doctor at CSP; Brittany Brizendine, Director of Health Care Services at California Department of Corrections and Rehabilitation ("CDCR")[2]; Geoff Martha, Chief Executive Officer ("CEO") for Medtronic, Inc. (ECF No. 15 at 3-4); and Doe Defendants 1-3.[3]

Plaintiff repeats the previous allegations of deliberate indifference to serious medical needs in violation of the Eighth Amendment as set forth in his initial complaint. (ECF No. 15 at 4-8). Specifically, in his First Amended Complaint, Plaintiff alleges the following:

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] In his amended complaint, Plaintiff did not identify CDCR as a defendant in the caption or description of the defendants. However, in the body of the amended complaint, he indicates that he wants to include CDCR as a defendant.

[3] Plaintiff does not identify Doe Defendants 1-3 as defendants in the caption or the initial description of defendants. However, in the claims section of the amended complaint, he states: "Plaintiff adds Does 1-3 in his first amended complaint pending confirmation of the actual name of implant surgeons…." (ECF No. 15 at 6).

In 2013 (1/13/13), I received a pacemaker while in the custody of California Department of Corrections and Rehabilitation, at Avenal State Prison. The implantation took place at Joaquin Hospital in Bakersfield California. I was returned to Avenal State Prison the next day after the implantation (1/14/13). I was transferred to Stockton State Prison thereafter where I was assaulted by Correctional Officer Jamie Silk and taken to the infirmary. After examination there, I was informed my pacemaker had stopped working. On (4/8/16), I was then transferred to Vacaville State Prison from 2016-17. While at Vacaville, medical staff informed me my pacemaker needed replacement. Vacaville did not then replace the pacemaker. During this time, I saw on television an announcement regarding recall of Medtronic pacemakers. I was transferred to Corcoran State Prison (2/6/23) prior to implant replacement, and the pacemaker blew up in my chest at Corcoran and was replaced. Thereafter, the replacement pacemaker "stopped" and the local hospital deemed a pacemaker no longer necessary.

(*Id.* at 7-8). Plaintiff continues to state claims for:

Medical indifference to defective heart pacemaker from manufacturer to prison medical directors and doctors. After diagnosis of heart problem by prison primary medical physician (Dr. Anand Mehta) decisions as to actual treatment to the execution of the treatment overseen by the CDCR Health Director (Brittany Brizendnine).

I was diagnosed with heart problems affecting the functioning of my heart at the prison level (Dr. Anand Mehta). A heart pacemaker manufactured by Medtronic was inserted by a physician who I believed to be Dr. Slubtl (See Med. Emergency card with signature Ex. A). The device inserted was defective. Beginning with Executive Health Care Director Brittany (Brizendine) who should have been aware of major FDA recalls, safety alerts and systemic device issues. By failing through indifference to alert those she directs to any such implant deficiencies, Director Brizendine showed indifference to those affected by the defective pacemaker.

At the manufacturing level, the manufacturer, Medtronic, has a federal and state obligation to alert state officials and the FDA. The CEO of Medtronic is Geoff Mehta. Mehta should have been aware of the malfunctioning heart transplant device and alerted both the FDA and those using their device. I assert this was not done. If they did, Director Brizendine failed to respond to device recalls and safety alerts. As Plaintiff is an incarcerated person, there is no "second opinion" medically. Dr. Mehta is the "primary" physician in direct contact with inmate/patient. Therefore, Dr. Mehta would be responsible for ongoing and primary cardiac care. He of course was not responsible for the actual placement and/or removal of the defective pacemaker. He was absolutely responsible for after care and the diagnosis that the defective pacemaker was not

functioning properly. Dr. Sarabjit Singh stated in a report that my pacemaker should never have been implanted and that he was to test the device. If he did in fact test the device, I was not notified by him or any other named defendant that a problem or potential problem existed….

…Geoff Martha as CEO of Medtronic has a state and federal duty to inform federal and state agencies of defects and problems with pacemaker implant devices.

…Beginning with Revo MRI, many improvements have been made since its implantation in Plaintiff leading to its ultimate replacement with Azure.

(*Id.* at 4-6).

Plaintiff continues to describe a recall for unidentified heart devices in 2023 by the FDA (presumably, U.S. Food and Drug Administration). He also describes how Medtronic "recently" recalled unidentified 2023 devices and a recall in 2025 for an Azure style pacemaker. Plaintiff alleges generally that he was not made aware of these recalls "irrespective of the issuance [to him] of an emergency contact card." (*Id.* at 7). "Whether or not there may be FDA exemption does not ameliorate the duty of CDCR and those doctors employed by them to protect the incarcerated Plaintiff herein. Thus, any defect claims, under both strict liability and negligence theories are not preempted." (*Id.*). Plaintiff argues that "failure to warn by both the manufacturer (Medtronic) and CDCR are not preemptable." (*Id.*). Plaintiff alleges that "deliberate indifference to Plaintiff's serious medical needs is shown by the implantation of an unnecessary and defective pacemaker [and] numerous failures of the various devices over time should have alerted those responsible and ceased or other more efficacious treatment given." (*Id.*).

Plaintiff seeks $1,000,000 in compensatory and punitive damages against each defendant. (*Id.*).

III.    ANALYSIS OF PLAINTIFF'S CLAIMS

A.  Section 1983

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

5

> citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

\\\

\\\

\\\

**B. Deliberate Indifference to Serious Medical Needs**

Plaintiff repeats his claims from his initial complaint.[4] Plaintiff again claims Defendants were deliberately indifferent to his serious medical needs by placing and removing a defective and unnecessary pacemaker; yet he also describes his claims as "strict liability" and negligence." (*Id.* at 7).

"Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted).

A mere difference in medical opinion is "insufficient, as a matter of law, to establish deliberate indifference.'" *Toguchi,* 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at

---

[4] While Plaintiff added Doe Defendants 1-3, his factual allegations remain materially the same from his initial signed complaint.

106; *see also Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) ("mere indifference, negligence, or medical malpractice" is insufficient, and "[e]ven gross negligence is insufficient to establish deliberate indifference to serious medical needs") (citations and internal quotation marks omitted).

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs under these standards.

First, Plaintiff describes his claims as "negligence" and "strict liability." (ECF No. 15 at7). While Plaintiff titles his claims "deliberate indifference," he does not allege facts that would show that any defendant was deliberately indifferent to his condition. Instead, his claims center around medical negligence and product liability for the defective pacemaker. Plaintiff does not allege that any physician or nurse knew the pacemaker was defective before surgery and still participated in placing it in Plaintiff's heart. While Plaintiff alleges that Dr. Singh subsequently removed the pacemaker and disagreed with Dr. Slubtl about the need for the device, this difference in medical opinion is "insufficient, as a matter of law, to establish deliberate indifference." *Toguchi,* 391 F.3d at 1058.

Plaintiff points to a 2023 FDA recall of "over 350,000 ICD and CRT-D devices due to low or no energy output," he does not argue that his pacemaker was subject to recall or that any Defendant knew the device was subject to recall. (ECF No. 15 at 7). In fact, Plaintiff indicates that he had surgery in early February 2023 to place a new pacemaker and does not allege that the FDA recalls were announced prior to the surgery. Moreover, Plaintiff points to Medtronic recalls of certain pacemakers in 2025 and again argues that Defendants should have known by the recall that his device would be defective prior to his surgery in 2023. However, merely alleging a recall notice two years after the placement of the device, does not sufficiently allege any Defendant knew the Plaintiff's pacemaker was defective two years earlier. Thus, Plaintiff does not allege that any Defendant knew prior to his replacement pacemaker surgery in 2023 that his pacemaker was defective.

Finally, Plaintiff alleges that Director Brizendine, as Director of Correctional Health Care Services, should have been aware of the 2023 and 2025 recalls of certain pacemaker

devices. (ECF No. 15 at 4). Plaintiff does not allege that the recalls were issued before his replacement pacemaker surgery or that Brizendine reviewed his medical procedure or knew that the pacemaker was defective and still approved the procedure. Thus, Plaintiff fails to state a claim of deliberate indifference against Director Brizendine.

Plaintiff also fails to allege that Geoff Martha, CEO of Medtronic, Inc., knew the pacemaker was defective prior to Plaintiff's surgery in 2023 or that a defective device would be placed in Plaintiff's heart. Plaintiff does not allege that Martha failed to prevent the procedure, knowing it would cause harm.

Accordingly, Plaintiff fails to state a claim against any defendant for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

### C. Color of State Law

Plaintiff's claim against Geoff Martha is also subject to dismissal because Plaintiff does not allege that Martha acted under color of state law.

To state a claim under section 1983, Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States "by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court has explained that "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)). To determine whether actions that allegedly caused the deprivation of a right are fairly attributable to the state even though they were committed by private actors, the Ninth Circuit follows a two-part approach: "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* Courts start the analysis with the presumption that conduct by private actors is not state action. *Sutton v. Providence St. Joseph*

*Med. Ctr.,* 192 F.3d 826, 835 (9th Cir.1999). Plaintiff bears the burden of establishing that defendants were state actors. *Florer*, 639 F.3d at 922 (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156 (1978)).

A private doctor may act under color of state law when they provide medical services to a prisoner pursuant to a contract with the state or county. *Id.* at 54–55 (a private physician acted under color of state law when he provided medical services to a state prisoner pursuant to a professional contract with the state).

Here, Plaintiff does not allege that Martha is a state actor or that he was acting under color of state law. Martha is not an employee of CDCR or any other state agency. Plaintiff does not allege that Martha, individually, or Medtronic had a contract with CDCR to provide services to inmates.

Accordingly, Plaintiff fails to state a claim against Defendant Geoff Martha, CEO of Medtronic Inc.

### D.  Improper Defendant

As indicated above, in his amended complaint, Plaintiff did not identify CDCR as a defendant in the caption or description of the defendants. However, in the body of the amended complaint, he states that his "failure to warn [claims] by both the manufacturer (Medtronic) and CDCR are not preemptable." (ECF No. 15 at 7).

CDCR is not a proper defendant under § 1983. First, CDCR is immune from such a claim because "[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"); *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); *Est. of Sumner v. California Dep't of Corr. & Rehab.*, No. 2:22-CV-01638-JAM-DB, 2023 WL 3304233, at *2 (E.D. Cal. May 8, 2023) ("CDCR did not waive, nor

has Congress abrogated, its immunity under the Eleventh Amendment. In turn, the Eleventh Amendment unequivocally precludes Plaintiffs' claims against CDCR. The Court therefore finds Plaintiffs failed to state a plausible cause of action against CDCR and dismisses their claims accordingly.").

Second, as noted above, § 1983 prohibits "persons" from violating another's federal rights. However, "[s]tate agencies . . . are not 'persons' within the meaning of § 1983 and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004); *see Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983."). Accordingly, "CDCR cannot be held liable under § 1983 as a matter of law." *Est. of Sumner*, 2023 WL 3304233, at *2 (concluding that CDCR was not a "person" within the meaning of § 1983).

In short, because CDCR is entitled to Eleventh Amendment immunity, and is not a "person" subject to suit under § 1983, it is not a proper defendant in this case and must be dismissed.

## IV.    CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court has screened Plaintiff's First Amended Complaint and finds that it fails to state any cognizable claim. The Court recommends not allowing leave to amend because Plaintiff was already given leave to amend with the relevant legal standards.

Accordingly, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice, for failure to state a claim; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 15, 2026**                    /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE

12