**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MICHAEL J. WINFIELD,

Plaintiff,

v.

DR. SAM SLUBTL, et al.,

Defendants.

Case No. 1:25-cv-01662 JLT EPG

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Doc. 18)

Michael J. Winfield asserts the defendants—including doctors at Corcoran State Prison, the Director of Health Care Services at the California Department of Rehabilitation and Corrections, and the Chief Executive Officer at Medtronic—violated his civil rights with the placement of a pacemaker that Plaintiff alleges was defective and later subject to a recall. (*See generally* Doc. 15.)

The magistrate judge screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a) and found it did not include a cognizable claim arising under federal law. (Doc. 18 at 3-11.) The magistrate judge observed that "Plaintiff describes his claims as 'negligence' and 'strict liability,'" and although Plaintiff titled the claims as "deliberate indifference," there were no facts alleged supporting a conclusion that the named defendants exhibited deliberate indifference to serious medical needs. (*Id.* at 8.) The magistrate judge observed: "Plaintiff does not allege that any physician or nurse knew the pacemaker was defective before surgery and still

participated in placing it in Plaintiff's heart. Though Plaintiff alleges that Dr. Singh subsequently removed the pacemaker and disagreed with Dr. Slubtl about the need for the device, this difference in medical opinion is insufficient, as a matter of law, to establish deliberate indifference." (*Id.*, internal quotation marks omitted.) The magistrate judge explained, "merely alleging a recall notice two years after the placement of the device, does not sufficiently allege any Defendant knew the Plaintiff's pacemaker was defective two years earlier." (*Id.*; *see also id.* at 8-9.) The magistrate judge also found the civil rights claim against the Medtronic CEO failed because there are no conclusions that he "acted under color of state law." (*Id.* at 9.) Finally, to the extent that Plaintiff sought to state a claim against the CDCR—as suggested by the allegations in the FAC—the magistrate judge concluded the CDRC was not a proper defendant and was immune from suit under Section 1983. (*Id.* at 10-11.) The magistrate judge recommended the Court decline further leave to amend and dismiss the action with prejudice. (*Id.* at 11.)

Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 19.) He contends that he "did not identify CDCR as a defendant in the caption or description of defendants," and the magistrate judge erred by finding the inclusion of allegations of about the CDCR was "a ground for dismissal." (*Id.* at 2.) He also asserts the allegations are sufficient to support a conclusion that "Plaintiff's heart pacemaker did not perform adequately" and the device was subject to recall. (*Id.* at 3, 4-5.) Furthermore, Plaintiff contends that he should be permitted to resolve pleading deficiencies identified by the Court by filing a second amended complaint. (*Id.* at 6-7.)

Notably, the magistrate judge did not recommend the denial of leave to amend based upon the inclusion of claims against the CDCR. However, the magistrate judge observed that *if* Plaintiff intended to include the CDCR as a defendant—based upon the allegations in the FAC—the inclusion would not be proper given the Eleventh Amendment immunity. Importantly, Plaintiff does not identify allegations in his amended complaint or his objections that support a conclusion that the named defendants had knowledge the pacemaker was defective at the time of Plaintiff's surgery. There also are no allegations to support a conclusion the defendants exhibited deliberate indifference to his serious medical need through the treatment provided, including the

pacemaker operation. Consequently. Plaintiff does not show that he can cure the identified deficiencies to state a claim under the Eighth Amendment.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, the Court concludes that the Findings and Recommendations related to Plaintiff's Eighth Amendment claim are supported by the record and proper analysis. To the extent Plaintiff seeks to state under state law—such as negligence and strict liability—the Court declines to exercise supplemental jurisdiction over those claims.[1] *See* 28 U.S.C. § 1367(c)(3). The dismissal of such state law claims shall be without prejudice. *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (where a court declines to exercise supplemental jurisdiction, dismissal of the state law claims is without prejudice). Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated June 15, 2026 (Doc. 18) are **ADOPTED** in part.
2. Plaintiff's first amended complaint is **DISMISSED** without leave to amend.
3. Plaintiff's Eighth Amendment claim is **DISMISSED** with prejudice for failure to state a claim.
4. To the extent that Plaintiff seeks to state claims under California law, the Court **DECLINES** supplemental jurisdiction and dismisses such claims without prejudice.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 31, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[1] Given the lack of jurisdiction, the Court makes no findings regarding the viability of any claims for negligence and strict liability.